System Evergreen v. Concrete Systems   CV-94-484-M   08/26/96
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


System Evergreen, A.G. and
Michie Corporation,
      Plaintiffs

      v.                                      Civil No. 94-484-M

Concrete Systems, Inc.,
Cleco Corporation, and
Methuen Construction Co., Inc.,
      Defendants


                            O R D E R


      System Evergreen, A.G. and Michie Corporation seek a

permanent injunction against Concrete Systems, Inc., Cleco

Corporation, and Methuen Construction Co., enjoining them from

infringing U.S. Patent No. 4,293,245 (the "'245 patent").  System

Evergreen is the assignee of the '245 patent, which was

originally issued to Felix Jaecklin on October 6, 1981.  The '245

patent contains 27 claims (one independent and 26 dependent),

describing an earth-filled structural system, composed of

stackable concrete units which can be used as a retaining wall or

free-standing sound barrier.  That structure is also apparently

designed to support the growth of vegetation, thereby making it

both functional and aesthetically pleasing.  Michie Corporation

manufactures and sells precast concrete products and is the exclusive licensee in New Hampshire under the '245 patent.

Concrete Systems manufactures and sells the allegedly infringing product, an earth-filled, concrete wall system known as the Eco-Wal. Cleco Corporation manufactures and sell molds for the manufacture of precast concrete forms. The remaining defendant, Methuen Construction, purchased at least one Eco-Wal system and then, in turn, sold it to the State of New Hampshire. System Evergreen and Michie Corporation (collectively, "System Evergreen") allege that the three defendants willfully infringed the '245 patent by manufacturing, selling, and using the Eco-Wal.

Pending before the court are the parties' cross motions for summary judgment. System Evergreen seeks judgment as a matter of law with regard to its claim that defendants willfully infringed the '245 patent. Defendants, on the other hand, seek judgment as a matter of law with regard to their claims that the '245 patent is invalid and, even if valid, that the Eco-Wal does not infringe. The parties have also submitted motions in limine, by which each seeks to preclude the introduction of certain testimony by its opponent's expert.

2

## Standard of Review

Summary judgment is proper "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact "is one `that might affect the outcome of the suit under the governing law.'" United States v. One Parcel of Real Property with Bldgs., 960 F.2d 200, 204 (1st Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson, 477 U.S. at 256. The party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, demonstrating "some factual disagreement sufficient to deflect brevis disposition." Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st Cir. 1991), cert. denied, 504 U.S. 985 (1992). That burden is discharged only if the cited disagreement relates to a genuine issue of material fact. Wynne v. Tufts University School of Medicine, 976 F.2d 791, 794 (1st Cir. 1992), cert. denied, 507 U.S. 1030 (1993).

3

In order to determine whether the defendants have infringed the '245 patent, the court must engage in a two-step inquiry. First, it must determine the scope of the patented invention, as defined by the patent's claims. That determination is a question of law, which must be resolved exclusively by the court. <u>Markman v. Westview Instruments, Inc.</u>, 116 S.Ct. 1384, 1393-96 (1996). Next, the court must resolve a factual question: whether the allegedly infringing device falls within the scope of the patented invention. <u>Carrol Touch, Inc. v. Electro Mechanical Systems, Inc.</u>, 15 F.3d 1573, 1577 (Fed. Cir. 1993). The accused devise infringes a claim if it embodies every limitation of the claim, either literally or by an equivalent. <u>Read Corp. v. Portec, Inc.</u>, 970 F.2d 816, 821 (Fed. Cir. 1992).

This latter determination -- whether the claim covers the accused device -- has been described as "the ultimate determination of infringement" and, because it is an issue of fact, "should be approached with great care by the district court" when ruling on a motion for summary judgment. <u>Palumbo v. Don-Joy Co.</u>, 762 F.2d 969, 974 (Fed. Cir. 1985), <u>overruled on other grounds by</u>, <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d at 977. And, even though the former determination --

4

construction of the patent's claims -- is a question of law, it may require the court to resolve certain predicate factual issues.

As discussed more fully below, this case involves not only a material factual dispute — whether the Eco-Wal infringes System Evergreen's patent — but also involves a legitimate factual dispute regarding the scope of the '245 patent's claims. Based upon the record presently before the court, it is impossible to resolve those disputed material factual issues and, therefore, impossible to determine the proper interpretation of the scope of the '245 patent <u>and</u>, in turn, whether the Eco-Wal infringes it. Accordingly, neither party is entitled to summary judgment.

**Discussion**

I.    <u>The '245 Patent</u>.

Claim 1 of the '245 patent reads:

A structural system for the construction of walls comprising a framework consisting of solid frame elements and being filled with earth material, said frame elements extending in at least one plane and having at least one support area on at least one side, said frame elements further including at least one longitudinal beam having a cross-section with at least one portion thereof arranged at an acute angle against the main plane of the frame or slab, the upper surface

thereof forming a substantially flat support for said earth material, at least one such longitudinal beam being located at the front side of said wall and having an upper front edge portion being positioned at a greater height compared with said flat support and forming a board for retaining a portion of said earth material resting on said flat support, the system further including holes extending at least partly vertically through said framework and distance elements between at least two of said frame or slab elements which are positioned one above the other such that the earth material at least partially filling said vertically extending openings forms at least one sloped surface extending at least partly through the scope between said frame of slab elements positioned one above the other.

Claim 1 of the '245 patent (emphasis added).


Defendants, through their expert, assert that the "holes" referenced in claim 1 are designed to receive bolts, dowels, or reinforcing rods, thereby tying each individual component of the Evergreen Retaining Wall into the units which are located above and below it. This feature, defendants claim, is designed to insure stability and prevent the units from sliding when exposed to lateral pressure from the earth located behind the wall. Defendants claim that the Eco-Wal does not infringe the '245 patent because it does not employ the "holes" recited in claim 1 nor does it rely upon reinforcing rods, dowels, or bolts for attaining structural stability. The individual components of the

6

Eco-Wal are simply stacked on top of each other.  And, while the units do include a "frame element locating key and several locating key pockets," Defendants Memorandum in Support of Summary Judgment at 5, those features are designed exclusively to ensure that each of the components of the Eco-Wal is properly aligned when the wall is assembled and installed.  They do not, say defendants, contribute to the overall structural strength or integrity of the Eco-Wal.

Defendants further claim that the presence of such "holes" and the use of reinforcing bars, rods, or dowels is an essential limitation of claim 1 of the '245 patent.  In fact, they argue that the existence of that method of reinforcement is what distinguishes the '245 patent from prior art and, if the patent is read in a manner that does not include the holes and reinforcing bars, it is invalid.

Plaintiffs, on the other hand, advance a different interpretation of the word "holes," as that term is employed in claim 1.  They argue that the term "holes" in claim 1 refers to the "vertically extending openings," into which the fill materials, not bolts, dowels, or steel bars, are placed.  Thus,

7

plaintiffs argue that the terms "opening" and "hole" are used interchangeably and refer to the cavity in each structural element into which solid fill is placed. They conclude, therefore, that the lack of "holes" and dowels, reinforcing rods, and/or bolts in the accused product is irrelevant and does not preclude a finding of infringement.

At this juncture, the evidence in support of the parties' respective interpretations of claim 1 (although not well developed) is essentially in equipoise. Thus, there remains a genuine evidentiary conflict regarding the claim's proper interpretation and summary judgment is inappropriate. Johnson v. IVAC Corp., 885 F.2d 1574, 1579-80 (Fed. Cir. 1989). Likewise, there remains a genuine issue of material fact regarding infringement, thereby precluding the granting of either party's motion for summary judgment.

II. The Motions in Limine.

The primary purpose of a motion in limine is to prevent unfair prejudice at trial by obtaining a definitive ruling on the admissibility of certain evidence at the outset, thereby preventing the non-moving party from referring to inadmissible

8

and/or inappropriately prejudicial evidence in an opening statement or eliciting such evidence from a witness. <u>In re Wyoming Tight Sands Antitrust Cases</u>, No. 85-2349, 1990 U.S. Dist. LEXIS 13576 at * 8 (D.Kan. Sept. 6, 1990). Of particular concern is the preclusion of plainly inadmissible evidence which, because of its nature, would undeniably prejudice a jury or taint a trial in such a profound way that a limiting instruction from the court would be of little or no value.

Nevertheless, evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds because, in the context of a trial, evidence which is inadmissible for one purpose may be admissible for another. <u>Middleby Corp. v. Hussmann Corporation</u>, No. 90-C-2744, 1993 U.S. Dist. LEXIS 6150 at * 2-3 (N.D.Ill. May 5, 1993); <u>Estate of Carey v. Hy-Temp Mfg., Inc.</u>, No. 82-C-7171, 1991 U.S. Dist. LEXIS 11475 at * 2 (N.D. Ill. August 16, 1991). Therefore, the court will ordinarily defer ruling on the admissibility of evidence until trial, so that it may resolve questions of foundation, relevancy, and potential prejudice in proper context.

Here, the parties respective motions in limine are denied. Questions concerning an expert's area(s) of expertise, whether he or she is skilled in the arts relevant to this proceeding, and whether (or to what degree) an expert may testify on matters touching upon questions of law ultimately to be determined by the court are all more appropriately addressed in the context of trial. Of course, denial of the parties' motions in limine to exclude certain expert testimony at trial does not necessarily mean that all such testimony will be admitted at trial; a court may deny the motion simply because it is unable or unwilling to rule on the admissibility of the evidence out of the context of a trial. Middleby Corporation v. Hussmann Corporation, supra, at * 2. Accordingly, the advance rulings on the admissibility of evidence made by the Court in this order are subject to review upon proper motion or objection by the parties at trial.

## Conclusion

For the foregoing reasons plaintiffs' motion for summary judgment (document no. 52) is denied, defendants' motion for summary judgment (document no. 61) is denied, plaintiffs' motion in limine with respect to certain testimony of defendants' patent law expert (document no. 53) is denied, and defendants' motion in

10

limine concerning trial testimony of Felix Jaecklin (document no. 49) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

August 26, 1996

cc:  Steven J. Grossman, Esq.
     Edmund J. Boutin, Esq.
     Daniel J. Bourque, Esq.